# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-1051**                      **September Term, 2022**

**FERC-ER21-502-004**

**Filed On: May 5, 2023**

Independent Power Producers of New York, Inc.,

        Petitioner

        v.

Federal Energy Regulatory Commission,

        Respondent

------------------------------

Multiple Intervenors and New York State Public Service Commission,
        Intervenors


      **BEFORE:**    Millett, Pillard, and Rao, Circuit Judges

## O R D E R

    Upon consideration of the motion to set a briefing schedule and expedite oral argument, the response thereto, and the reply; and the motion to hold in abeyance and the response thereto, it is

    **ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---|
| Certified Index to the Record | May 19, 2023 |
| Petitioner's Brief | June 3, 2023 |
| Respondent's Brief | July 3, 2023 |
| Brief of Respondent-Intervenor New York Public Service Commission | July 10, 2023 |

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1051**                                                         **September Term, 2022**

| | |
|---|---|
| Brief of Respondent-Intervenor Multiple Intervenors | July 10, 2023 |
| Petitioner's Reply Brief | July 31, 2023 |
| Joint Appendix | August 7, 2023 |
| Final Briefs | August 14, 2023 |

The Clerk is directed to calendar this case for oral argument on the first appropriate date following the completion of briefing. The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioner should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1051**  **September Term, 2022**

and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. <u>See</u> D.C. Cir. Rule 28(a)(8).

**<u>Per Curiam</u>**

                                **FOR THE COURT:**
                                Mark J. Langer, Clerk

                BY:    /s/
                                Laura M. Morgan
                                Deputy Clerk